IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALAK VERMA, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOMEWARD RESIDENTIAL, INC., et al.,<br><br>    Defendants. | Case No.: C13-0327 JSC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** |

    Plaintiffs filed this action in the San Mateo County Superior Court on December 21, 2012. (Dkt. No. 1-1.) Defendants subsequently timely removed this case to federal court on the ground of diversity jurisdiction. (Dkt. No. 1.) The parties appeared before the Court on April 4, 2013, on Defendants' motion to dismiss; however, upon consideration of the motion, the Court has determined that it may not have subject matter jurisdiction over this case.

    Although Plaintiffs do not object to Defendants' removal, the Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction whenever a case is removed to federal court. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.

1992). Given the "strong presumption" against removal jurisdiction, the defendant always bears the burden of establishing that removal is proper. *Id*.

Defendants removed this action on the basis of diversity jurisdiction. Federal diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed). As the record indicates, however, complete diversity between the parties was lacking at the time of removal as Defendant T. D. Service Company ("TDSC") is incorporated in California.

Defendants nonetheless contend that "TDSC's citizenship is irrelevant to the diversity inquiry because it filed a declaration of non-monetary status pursuant to *California Civ Code* § 2924l in the State Court Action on January 23, 2013. As such, under the *Civil Code* § 2924l(d), TDSC has transformed itself into a non-party to this action." (*Id.* at ¶ 6.B.iv.) Defendants are correct that Cal. Civ. Code § 2924*l* allows

> a trustee under a deed of trust[,] named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee,…[to] file a declaration of nonmonetary status.

Cal. Civ. Code § 2924*l*(a). Defendants are further correct that some "[f]ederal courts have acknowledged that a party that invokes non-monetary status under *Civil Code* § 2924l…is not to be treated as a defendant to the action, thus, its 'citizenship is disregarded for purposes of assessing diversity jurisdiction.'" (Dkt. No. 1 ¶ 6.B.iv (quoting *Cabriales v. Aurora Loan Servs.*, 2010 WL 761081 (N. D. Cal. March 2, 2010).)

However, California Civil Code § 2924*l*(c)-(e) also provides a 15-day window in which other parties to the action may object to such a declaration and that "[i]n the event of a timely objection to the declaration of nonmonetary status, the trustee shall thereafter be required to participate in the action or proceeding." *Id.* at (d). Courts in this District and others have held that where that 15-day window is not fully observed, that is, where

an action is removed before the 15 days have expired, the declaring-trustee is not considered "nominal" such as to be excluded from the diversity analysis. *See Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153 at *4 (N. D. Cal. Apr. 18, 2011) (finding that where an action was removed only four days after trustee-defendant filed its declaration of non-monetary status, the 15-day window had not run and "[a]ccordingly, at the time of removal, [Trustee-Defendant] had not yet attained non-monetary status and was not yet a nominal party for purposes of diversity jurisdiction."); *Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428 at *3 (N.D. Cal. June 14, 2012) (remanding action where removal occurred 14 days after the trustee-defendant filed its declaration of non-monetary status because "the Court cannot disregard Golden West's citizenship for purposes determining whether Plaintiffs and Defendants are completely diverse"); *Hernandez v. First Horizon Loan Corp.*, 2011 WL 2531959 at *2 (N.D. Cal. June 24, 2011) ("Because Removing Defendants removed the action less than fifteen days after Quality filed its declaration of non-monetary status, Quality had not yet been transmuted into a nominal party at the time of removal. Therefore, the Court cannot disregard Quality's citizenship for purposes of removal."); *see also Sun v. Bank of Am. Corp.*, 2010 WL 454720 at *2 (C.D. Cal. Feb. 8, 2010) (remanding action to state court because defendants removed the action to federal court "only 13 days after [Trustee-Defendant] filed its Declaration of Non-monetary Status…. Thus, at the time of removal [Trustee-Defendant] did not have nominal status.") (internal quotation marks and citations omitted).

Here, Defendants removed the action on January 23, 2012, the same day TDSC filed its declaration of non-monetary status. (Dkt. Nos. 1, 1-2.) Hence, the requisite 15 days had not passed and TDSC was not yet a "nominal party" at the time of removal. As a result, the Court is not convinced that it may exercise diversity jurisdiction in this case.

Accordingly, Defendants are ordered to show cause why this case should not be remanded to the San Mateo County Superior Court. In particular, Defendants shall file a response in writing by **April 18, 2013** that demonstrates how this Court has federal jurisdiction. Plaintiff's response, if any, shall be filed by April 25, 2013. The Court will

1  take the issue under submission at that time.  The Court will defer a ruling on the motion
2  to dismiss and a referral to the Court's ADR project until it determines that it has subject
3  matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  April 8, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE